## HOMER PADEN v. STATE.

No. A-7019. Opinion Filed Dec. 21, 1929.
(283 Pac. 588.)

F. R. Burns, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter called the defendant, was convicted on a charge of transporting intoxicating liquor, and was sentenced to pay a fine of $50 and to be imprisoned in the county jail of Ottawa county for 30 days.   From the judgment, the defendant has appealed.

Frank Parker, a witness for the state, testified in substance he was chief of police of the city of Miami, Ottawa county, Okla.; that on the 22d day of June, 1927, he saw the defendant Homer Paden coming along the street with a package under his arm.   "I watched the defendant walk up the street and turn on different streets, and, after following the defendant some distance, told him to stop."   The defendant went around a house, and, as witness stated, started to run.   The police officer had no warrant for the defendant's arrest, or to search his person.   Witness stated he could not tell what the defendant had in the package under his arm, and that when the defendant refused to stop he pursued him and arrested him. Witness Parker was the only witness who testified, and he claims that after he arrested the defendant he found a package containing whisky in a fruit jar under a porch. Only one witness testified, the substance of the testimony being set forthe herein.

The police officer admits that, so far as he could see, the defendant was not committing any offense; he did not know what was in the package under defendant's arm, and when he made the arrest he had no knowledge as to the contents of the package; and there is no competent testimony to prove that the witness found the package the

380

defendant was carrying at the time he began to pursue him. We hold the arrest of the defendant in this case was without authority of law. There being no competent testimony to support the conviction, the case is reversed and remanded, with directions to dismiss.

EDWARDS, P. J., and CHAPPELL, J., concur.